OPINION OF THE COURT
Hyman T. Maas, J.
The defendant is charged with manslaughter, second degree (two counts), and leaving the scene of an accident. Defendant now moves to suppress the result of blood analysis of defendant’s blood taken by court order of Irondequoit Town Justice (Reichert, J.) on September 25, 1982.
On the evening of September 24,1982, two persons were killed by a hit-and-run driver in the Town of Irondequoit. During the course of the investigation of the accident the defendant became a suspect and was subsequently placed under arrest at her home. She was asked by the police to submit to a blood-alcohol test which she refused. Subsequently, Irondequoit Police Captain Robert Longdue on September 25, 1982 made an ex parte application before Irondequoit Town Justice Reichert for an order to obtain a sample of defendant’s blood. This order was granted by Justice Reichert and pursuant to said order a sample of defendant’s blood was drawn at Rochester General Hospital on September 25,1982 at about 3:40 a.m. Subsequently, the blood was analyzed and found to contain .14 of alcohol by weight. The defendant now moves to suppress the result of this test.
*375 The crucial issue is whether the ex parte application for the drawing of defendant’s blood and the subsequent court order ordering the drawing of defendant’s blood were legally sufficient. Controlling the determination of said issue is a trilogy of' cases known as People v Daniel, People v Wolter and People v Moselle decided by the Court of Appeals (57 NY2d 97). Analogous to the present case is People v Wolter (supra) where the defendant was arrested for driving while intoxicated and was given the constitutional Miranda warning (384 US 436) and the so-called commissioner’s warning under section 1194 of the Vehicle and Traffic Law. Defendant refused to submit to a blood test but his blood sample was taken despite his refusal. Subsequently he was indicted for manslaughter in the second degree and driving while intoxicated. A motion to suppress the results of the blood test was made before the trial court which ruled that the blood test results could not be used on the prosecution of the driving while intoxicated charge, but could be used on the manslaughter charge. The Appellate Division reversed defendant’s conviction by a plea of guilty to criminally negligent homicide holding that defendant’s refusal to consent to taking a blood sample not only foreclosed the use of the blood test result on the driving while intoxicated charge but also foreclosed the use of the blood test on the manslaughter charge.
In the Moselle case (supra, p 101) the Court of Appeals affirmed and stated clearly “blood samples taken without a defendant’s consent are inadmissible in prosecutions under the Penal Law unless taken pursuant to an authorizing court order.”
In the instant case, the People rely on the Moselle holding asserting that the blood samples of this defendant were admissible because the court order of Town Justice Reichert was an “authorizing court order”.
We cannot agree.
CPL 240.40 (subd 2) states: “Upon motion of the prosecutor, and subject to constitutional limitation, the court in which an indictment, superior court information, prosecutor’s information or information is pending; (a) must order discovery as to any property not disclosed upon a demand *376 pursuant to section 240.30, if it finds that the defendant’s refusal to disclose such material is not justified; and (b) may order the defendant to provide non-testimonial evidence.”
In the instant case the order authorizing the taking of the blood sample from the defendant was granted upon the application of the Irondequoit Police Captain. The court order is fatally defective in two respects: It is based on (1) an ex parte application, (2) made by a police officer. The statute mandates that the order be made on “motion of the prosecutor”.
The People urge that the application by the police captain met the requirements of CPL 240.40 which requires a motion by the prosecutor. This court cannot agree with their position. CPL 240.40 is a criminal statute and must be strictly construed in favor of the defendant. If this interpretation makes it difficult for the police in obtaining evidence in cases of this type, it is for the Legislature to make the necessary change to make this type of blood sample evidence more readily available to the police in cases involving the existence of alcohol and/or drugs in criminal prosecutions under the Penal Law. In the Moselle case (57 NY2d, at p 108) the court stated: “It will be suggested, nevertheless, that in discovery procedures in criminal matters the existence of‘exigent circumstances’ is often held to excuse the failure to obtain a court order where the evidence sought (or here, by extension, its probative worth) might disappear or be lost by the expenditure of the time necessarily required to obtain the order. While the existence of exigent circumstances may excuse the failure to obtain a court order, their existence does not provide a source of authority to conduct discovery.”
The People’s reliance on Matter of Abe A. (56 NY2d 288) is misplaced, since in that case the blood sample was taken from a suspect to determine blood type prior to the filing of an accusatory instrument. In the instant case the defendant was arrested and an accusatory instrument had been filed prior to the application for a court order authorizing the taking of a blood sample.
Since the defendant’s refusal forecloses the use of the blood test result on the prosecution of the Penal Law *377 charges (People v Moselle, supra) and since the application of the police captain did not fulfill the requirements of CPL 240.40 and was improper, and legally insufficient, the court order is rendered fatally defective.
Defendant’s motion to suppress the result of the test of defendant’s blood sample is granted.