OPINION OF THE COURT
Adam Seiden, J.
*442 The defendant has been charged by felony complaint with rape in the third degree (Penal Law § 130.25 [2]) for having engaged in sexual intercourse with a person less than 17 years old. Pending a felony hearing, the People move for an order of this court requiring the defendant to permit the taking of a blood sample from his body to confirm his identity as the rapist through DNA testing.
The defendant was arrested after the victim gave information to the Mount Vernon police that she had a sexual relationship with the 28-year-old defendant beginning in July 1996 when she was 15 years old. As a result of this relationship, the victim became pregnant in November of 1996. According to information given by the victim to police officers, on April 5, 1997, while in her fifth month of pregnancy, the victim had a miscarriage following sexual intercourse with the defendant. The victim had been transported to the hospital, where the miscarriage actually occurred. The Medical Examiner’s office took possession of the victim’s fetus for the purpose of securing evidence for DNA testing. The victim subsequently indicated to the District Attorney’s office that although her previous statements were true, she wished to drop charges against the defendant. The People seek a blood sample from the defendant so that a comparison can be made between his DNA and that of the victim’s fetus, in order to prove his identity as the rapist.
CPL article 240 governs the method of obtaining discovery, and permits a court, upon motion of the prosecutor, to require a defendant to permit the taking of samples of blood from his body (CPL 240.40 [2] [b] [v]). However, to issue such an order, the court must be "the court in which an indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is pending” (CPL 240.40 [2]). The felony complaint, which is the accusatory instrument the defendant is charged upon, is absent from the above statutory list. Thus, this court is without authority to issue an order requiring the defendant to permit the taking of a blood sample where, as here, he is charged under a felony complaint (see, People v Steiner, 103 Misc 2d 844 [Nassau County Ct 1980]).
Moreover, since there is no common-law right to such discovery, it must be limited to the perimeters of the statute (People v Beauchamp, 126 Misc 2d 754 [Sup Ct, Bronx County 1985]). CPL 240.40 is a criminal statute and must be strictly construed in favor of the defendant (People v Schmitt, 118 Misc 2d 374, 376 [Monroe County Ct 1983]).
*443 Although the court is constrained from ordering the relief sought by the People in this instance, the court notes that the People are not left without a remedy, since under the rule set forth in Matter of Abe A. (56 NY2d 288 [1982]), a court of general jurisdiction, where no accusatory instrument has been filed, may issue an order to obtain the blood sample of a suspect provided the People establish (1) probable cause to believe the suspect has committed the crime, (2) a "clear indication” that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable (see also, People v Shields, 155 AD2d 978 [4th Dept 1989]).
This matter is restored to the calendar for a felony hearing (CPL 180.50; People v Harris, 148 Misc 2d 408, 412 [Crim Ct, NY County 1990]).