*845 OPINION OF THE COURT
Henderson W. Morrison, J.
On this application the People seek an order directing Frederick William Steiner to submit to and participate in a lineup identification procedure. Defendant opposes this request.
Article 240 was added to the CPL effective January 1, 1980. (L 1979, ch 412.) This article sets forth the method of obtaining discovery. CPL 240.40 (subd 2) permits a court, upon motion of the prosecutor, to order a defendant to participate in a lineup. (CPL 240.40, subd 2, par [i].) However, to issue such an order, the court must be "the court in which an indictment, superior court information, prosecutor’s information or information is pending”. (CPL 240.40, subd 2.)
Defendant has been charged with the crimes of attempted robbery in the first degree and attempted murder in the second degree, both felonies. Although the accusatory instrument is labeled "Information”, it is in fact a felony complaint as defined in CPL 1.20 (subd 8). An information may not charge a defendant with a felony. (CPL 1.20, subd 4.)
Although this court may order a defendant to appear in a lineup before the filing of an accusatory instrument (in which case he is, in effect, not a defendant) it may not do so after the filing of a felony complaint, but must wait for an indictment. A superior court information is not filed unless defendant has agreed to enter a plea to a felony.
In Nassau County, plea bargaining negotiations are conducted before indictment and while simply a felony complaint is filed. Since the District Attorney has a policy that no plea bargaining negotiations will be conducted after indictment, if plea bargaining negotiations are unsuccessful, the charges will then be presented to a Grand Jury after which the defendant must either proceed to trial or plead to the indictment. The inability of this court to order discovery while a felony complaint is filed places a serious limitation on these plea bargaining negotiations.
A careful reading of CPL article 240 and the memorandum of the Office of Court Administration (McKinney’s Session Laws of NY, 1979, p 1888) does not reveal whether the omission of a felony complaint from CPL 240.40 was intentional or an oversight. In any case, at least in Nassau County, the omission will not produce the desired effect of improving *846 plea negotiations as expressed by the Office of Court Administration. (McKinney’s Session Laws of NY, 1979, p 1891.)
In view of the foregoing, this motion is in all respects denied.