■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY MOORE, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 20, 1985, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

On March 26, 1985, defendant was indicted by an Albany County Grand Jury and charged in four separate counts with sodomy in the first degree, attempted sodomy in the first degree, attempted rape in the first degree and sexual abuse in the first degree. The indictment arose out of the complaint of a woman who reported to an investigator with the Albany City Police Department that, on January 15, 1985, someone had assaulted and tried to rape her. She was able to pick defendant's picture from a photographic array at the police station and identified him as her assailant. On January 22, 1985, defendant was arrested by Detective Kenneth Kennedy who knew that a warrant had been issued for defendant due to a parole violation and also knew that defendant was wanted in connection with the aforementioned incident of January 15, 1985.

An omnibus motion was made and ruled upon, a suppression motion was heard and denied, and other proceedings were held. After a jury trial had commenced and a motion to have the Trial Judge recuse himself was denied, defendant, his attorney and the prosecuting attorney arrived at a plea agreement. Subsequently, defendant entered a plea of guilty to the first count of the indictment, charging sodomy in the first degree, in full satisfaction of the entire indictment. The parties and the court agreed that defendant would not be sentenced as a persistent felon despite the fact that he was eligible for such treatment. Had defendant not accepted the

plea arrangement, he could have been sentenced as a persistent felon to a term of 25 years to life imprisonment upon conviction after trial. Defendant was sentenced according to the plea bargain as a second felony offender, to an indeterminate prison term of 12½ to 25 years. This *pro se* appeal ensued.

Defendant's contentions that the indictment was so defective as to require dismissal and that he was denied effective assistance of counsel are without merit. The judgment of conviction should be affirmed.

Although defendant by his plea waived objections based on the sufficiency of the evidence supporting the indictment *(see, People v Di Raffaele,* 55 NY2d 234, 240; *People v Thomas,* 53 NY2d 338; *People v Stile,* 76 AD2d 945), he did not waive objections to the jurisdiction of the court *(see, People v Scott,* 3 NY2d 148, 152-153). The right to be prosecuted on a valid accusatory instrument is a nonwaivable jurisdictional prerequisite (NY Const, art I, § 6; *People v Ford,* 62 NY2d 275, 281-282).

Defendant's claim that the Grand Jury proceeding was defective, pursuant to CPL 210.35, because he was not permitted to testify before the Grand Jury (CPL 190.50 [5] [b]) or allowed to have witnesses designated by him called to testify before that body (CPL 190.50 [6]) must be rejected. Defendant asked to testify before the Grand Jury and did so. Initially, defendant was questioned concerning his waiver of immunity but was then allowed to express his version of the facts. He was not deprived of any rights under CPL 190.50 (5) (b). A defendant has no right to call his own witnesses at Grand Jury proceedings but may only request the Grand Jury to call them (CPL 190.50 [6]). The Grand Jury has complete discretion as to who will be called. Its failure to call those requested by defendant did not render its proceedings defective within the meaning of CPL 210.35.

Defendant's argument that the prosecution was obligated to present to the Grand Jury the affidavit of Alec J. Warner, which he claims exonerates him, is also rejected. Defendant maintains that Warner is the one who sexually abused the victim and that he, himself, had no sexual contact with her on the day in question. An examination of Warner's affidavit, defendant's testimony and other evidence, including the victim's identification of defendant as her assailant, establishes that defendant still had the opportunity to commit the acts charged despite Warner's affidavit. The affidavit goes to the

sufficiency of the evidence before the Grand Jury but it does not serve to exculpate defendant.

"An exculpatory defense is one that would, if believed, result in a finding of no criminal liability" *(People v Valles,* 62 NY2d 36, 38). "[S]uch complete defenses would ordinarily rest peculiarly within [the Grand Jury's] proper domain" *(supra,* at 38-39). On the other hand, a defense in mitigation "is not done in an effort to avoid criminal liability entirely; rather, it is an attempt to reduce the gravity of the offense committed" *(supra,* at 39). Only a defense which, if believed, would eliminate a needless or unfounded prosecution need be charged by the District Attorney *(supra,* at 38).

Moreover, in the case at bar, the issue of whether Warner had committed the acts charged was presented to the Grand Jury by defendant's own testimony. Additionally, the authenticity of the Warner affidavit could not be established. Attempts to locate Warner proved fruitless. He could not be located at the address given on the affidavit and it is believed the affidavit was executed while he was in the Albany County Jail. Further, the contents of the affidavit are directly controverted by defendant's own admissions made in open court when he entered his plea of guilty. We cannot conclude in these circumstances that the failure to present Warner's questionable affidavit to the Grand Jury created a jurisdictional defect warranting dismissal of the indictment.

Defendant's contention that he was denied effective assistance of counsel simply is not supported by the record. The record reflects that prior to trial defense counsel brought a detailed omnibus motion and requested a bill of particulars. He sought to suppress statements made by defendant at a suppression hearing and to suppress any in-court identification of defendant. He represented defendant with zeal at a *Sandoval* hearing and made relevant motions throughout the trial. The standards for determining a claim of ineffective assistance of counsel set forth in *People v Baldi* (54 NY2d 137, 147) were more than adequately met by defense counsel's performance in these criminal proceedings.

Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Levine, JJ., concur.