◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED SHIELDS, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was charged in a felony complaint with robbery in the first degree and other crimes. While the felony complaint was pending in Rochester City Court, but before the case was presented to a Grand Jury, an order was entered in Monroe County Court compelling defendant to appear in a lineup. Defendant contends that County Court lacked jurisdiction because CPL 240.40 (2) does not authorize entry of such an order when a felony complaint is the pending accusatory instrument. The argument is without merit, and we reject decisions at nisi prius holding to the contrary *(see, e.g., People v Steiner, 103 Misc 2d 844).* It is well established that a suspect may be ordered to appear in a lineup, or provide other nontestimonial evidence, when "the People establish (1) probable cause to believe the suspect has committed the crime, (2) a 'clear indication' that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable." *(Matter of Abe A., 56 NY2d 288, 291; see, People v London, 124 AD2d 254, 256, lv denied 68 NY2d 1001; see also, Matter of Pidgeon v Rubin, 80 AD2d 568.)* (Appeal from judgment of Monroe County Court, Celli, J.—robbery, first degree.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.