■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS J. ZUPAN, JR., Respondent.—Levine, J. Appeal from an order of the County Court of Madison County (O'Brien, III, J.), entered July 8, 1991, which granted defendant's motion to dismiss the indictment.

The indictment against defendant charged him with assault in the second degree (Penal Law § 120.05 [3]), assault in the third degree (Penal Law § 120.00 [1]), resisting arrest (Penal Law § 205.30) and harassment (Penal Law § 240.25 [1]), all committed on May 17, 1990 against Officer David Van Dusen of the Village of Canastota Police Department in Madison

County. These crimes allegedly arose when Van Dusen attempted to execute at defendant's residence orders of the Department of Motor Vehicles (hereinafter DMV), dated April 6, 1990, revoking the registrations of defendant's three limousines for noninsurance, by taking possession of the vehicles' license plates and leaving defendant with receipts therefor (see, Vehicle and Traffic Law § 340 [b]). As part of his omnibus motion, defendant moved for dismissal of the indictment pursuant to CPL 210.20 (1) (c), claiming that the Grand Jury proceedings were defective in that the District Attorney failed to instruct the Grand Jury on the exculpatory defense of justification in defense of premises (see, Penal Law § 35.20 [2]) and repressed exculpatory evidence from the Grand Jury, i.e., that on April 10, 1990 DMV issued restoration notices rescinding the revocations of the three vehicles' registrations and that defendant and his wife attempted to show Van Dusen that a mistake had occurred by displaying proof that the insurance premiums on the vehicles had been paid and the insurance coverage reinstated.

County Court held an evidentiary hearing on the foregoing issues raised by defendant's motion to dismiss. The only two witnesses called were Van Dusen and Officer David Prete, who was acting Chief of Police when the offenses allegedly occurred and had been summoned to the scene by Van Dusen during the course of the incident.

The evidence at the hearing essentially established that Van Dusen was assigned the duty of serving the revocation notices upon defendant and recovering possession of the license plates on the three vehicles. Neither Van Dusen nor anyone in his department was then aware of the existence of the restoration notices rescinding the revocations. Van Dusen arrived at the multiple dwelling where defendant resided in an upstairs apartment and found the three limousines, but defendant was not at home. Van Dusen was advised by police radio that it was proper to execute the revocation orders without defendant being present and to leave the receipts with anyone at the premises. Van Dusen then removed the license plates on the vehicles, put them in his patrol car and went up the exterior stairway of the building to leave the receipts at defendant's apartment. Defendant's wife answered the door and invited Van Dusen inside, where he sat at a table to fill out the receipts. Defendant's wife remonstrated that the revocations were a mistake because the insurance premiums were paid and coverage restored on the three limousines. Van Dusen responded by advising defendant's

wife that he was required to enforce the apparently valid and outstanding revocation orders and that she should resolve the dispute with DMV.

At this point defendant arrived. He was irate and seemingly out of control, shouting obscenities and gesturing in a manner Van Dusen found threatening, and telling the officer he "had no right to be on his property". Defendant also claimed that the revocations were a mistake and showed Van Dusen documents which purportedly demonstrated that the insurance coverage on the limousines had been put back in effect by payment of premiums. Defendant did not, however, show Van Dusen any DMV order of restoration of the limousines' registrations. During this interchange, defendant continued to exhibit violent temper, appearing to be "out of control" according to County Court's finding, and shoved Van Dusen backward, causing him to lose his balance. Van Dusen concluded that it was impossible to reason with defendant, told him he had no right to shove him and stated, "I [am] leaving" and "[w]e'll take care of this some other time", whereupon defendant told him "[y]ou're not going any [expletive] place. I've got your car blocked in." Van Dusen then used his portable radio to call for assistance.

When his fellow officers arrived at the scene, Van Dusen left defendant's apartment and went downstairs to the side yard to confer with them. Van Dusen and Prete then had another verbal exchange with the still irate defendant on the exterior stairway. When they concluded that it was impossible to amicably resolve this matter with defendant, they stated that they were going to take the plates and leave. As they were about to leave, Van Dusen advised defendant that he would be sending him a summons charging him with harassment for the earlier shoving in his apartment, whereupon defendant spit on Van Dusen. Van Dusen then announced that defendant was under arrest. Defendant attacked Van Dusen as Van Dusen attempted to take him into custody, causing the injuries which gave rise to the assault and resisting arrest counts of the indictment.

County Court granted defendant's motion to dismiss on the basis of its finding of prosecutorial misconduct in failing to inform the Grand Jury that the DMV revocation orders had actually been rescinded many weeks before the incident and that defendant and his wife had claimed to the police that the revocations were a mistake and attempted to support their claim by showing proof of the reinstatement of insurance coverage on their vehicles. The court held that these matters

went to the issue of defendant's intent in committing the crimes charged and thus should have been submitted to the Grand Jury as exculpatory evidence. According to County Court, disclosure of the evidence of the invalidity of the revocation orders could have established that "it was not the defendant's conscious aim or objective (the element of intent) to in any way harass, annoy or alarm Officer Van Dusen * * * [or] to prevent an arrest from being effected or * * * to cause physical injury to the police officer". Rather, according to the court, this evidence would have established that defendant's intent was to "convince these officers who did not appear interested in being so convinced, that they were making a mistake and that the insurance was paid and that the revocation order had been rescinded".

We disagree with the foregoing conclusion by County Court. There is absolutely no reasonable view of the evidence at the hearing under which a trier of fact could rationally conclude that the acts alleged in the indictment, i.e., spitting on Van Dusen and then violently attacking him when he attempted to place defendant under arrest, were perpetrated solely with the intent to convince the officers that the revocation notices were a mistake. It necessarily follows that, contrary to County Court's holding, the evidence regarding the invalidity of the revocations which was withheld from the Grand Jury by the prosecution would not have negated the intent element of any of the crimes charged. This evidence was not exculpatory because it would not, if believed, have resulted in the termination of a needless or unfounded prosecution and, therefore, it need not have been submitted to the Grand Jury (see, People v Lancaster, 69 NY2d 20, 27, cert denied 480 US 922; People v Valles, 62 NY2d 36, 38).

Alternatively on this appeal, defendant contends that the indictment was properly dismissed because the prosecution suppressed consideration by the Grand Jury of a justification defense, i.e., failed to submit the evidence that at various moments in the entire episode defendant told Van Dusen and the other officers, in words or substance, that they had "no business" being at the premises because of the mistaken revocation notices, and because the prosecution failed to instruct the Grand Jury on the defense of justification in the use of physical force in defense of premises (see, Penal Law § 35.20 [2]). Again, there was no rational view of the evidence at the hearing before County Court that would support the viability of such a justification defense. Clearly, defendant's act of spitting upon Van Dusen after the officers had already an-

nounced their intent to immediately depart from the premises, which act took place outside defendant's apartment on a common outside stairway of a multiple dwelling, cannot be considered the lawful use of physical force by a person in possession or control of premises to prevent a criminal trespass (see, Penal Law § 35.20 [2]). A fortiori, neither can the physical attack made in resisting the lawful arrest for the act of spitting on the officer. Moreover, any claim that the shoving of Van Dusen in defendant's apartment was done with the intent to eject him from the premises is belied by defendant's statement "[y]ou're not going any [expletive] place. I've got your car blocked in," which was made in response to the officer's announcement that he was leaving.

We have considered defendant's remaining objections regarding the District Attorney's nondisclosure of evidence or limiting inquiries by grand jurors, and find no basis for dismissal of the indictment. At most, the facts withheld might have had a bearing on the weight of the evidence, but would not have served to exculpate defendant (see, People v Moore, 132 AD2d 776, 777-778, lv denied 70 NY2d 802). In view of the right of a defendant to testify before a Grand Jury and to request the Grand Jury to hear witnesses, the prosecution is not obligated to present to the Grand Jury all evidence in its possession that may be favorable to an accused (see, People v Lancaster, supra, at 26). Accordingly, County Court erroneously dismissed the indictment.

Mikoll, J. P., Casey and Harvey, JJ., concur; Crew III, J., not taking part. Ordered that the order is reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this court's decision.