OPINION OF THE COURT
Victor M. Ort, J.
Defendant has moved for dismissal of the indictment on the ground that the Grand Jury proceeding was defective in that defendant received insufficient notice (1) to appear and testify before the Grand Jury in accordance with CPL 190.50 (5), and (2) to request the Grand Jury to' cause persons designated by him to be called as witnesses in such proceeding pursuant to CPL 190.50 (6). Defendant has alternatively requested permission to inspect the minutes of the Grand Jury proceeding in order to argue in support of the said motions. For the reasons discussed below, defendant’s motion is denied in all respects.
Defendant is charged with operating a motor vehicle while under the influence of alcohol as a felony, aggravated unlicensed operation of a motor vehicle in the first degree, failing to give an appropriate signal when changing lanes, and driving while unlicensed. Defendant was arrested for these charges on November 23, 1996 and arraigned in District Court on the same date. Bail was set, and having failed to post bail, defendant was held in custody. On November 25, 1996, defendant served timely notice of his intention to testify before the Grand Jury. On November 26, 1996, defendant’s attorney spoke with him in order to obtain his consent to an adjournment. Rather than heed his attorney’s advice and give his consent to an adjournment, defendant "indicated that he wanted L.A.S. to demand a felony examination in accordance with CPL Article 180 for the first available date.”
At approximately 4:00 p.m. on November 26, 1996, the prosecutor notified defense counsel by fax that defendant’s *724 case would be presented to the Grand Jury commencing at 10:00 a.m. the following day. It appears that November 27 was the last day of the Grand Jury term. On the morning of November 27 defendant advised his attorney for the first time that he wished to present his sister, Debbie Romero, and a friend, Connie D’Amico, as witnesses before the Grand Jury. Defendant did not have an address or phone number for D’Amico, but he assured his attorney that his sister Debbie could provide information to help counsel locate the witness. At approximately 11:00 a.m., counsel spoke with Debbie Romero on the phone. She indicated that she was not available to appear before th¿ Grand Jury that day but that she was willing to appear sometime in the future on one or two days’ notice. She also indicated that she could assist counsel in reaching Ms. D’Amico. What, if any, efforts were made to contact Ms. D’Amico are not alleged, but in any event neither witness was available to testify on November 27. Having spoken to the defendant and learned that he was then nervous about testifying, defense counsel thereupon requested the People to adjourn the Grand Jury presentation.[1] Counsel then offered to "demand a felony exam for any day the following week,” (apparently this offer was made so that it would have the effect of waiving the defendant’s release pursuant to CPL 180.80) to a day convenient for the People to reschedule the Grand Jury presentation. However, the prosecutor was unwilling or unable to postpone the Grand Jury presentation. Nevertheless, defendant elected to testify. The substance of his Grand Jury testimony is not disclosed by defendant on this motion, except counsel does indicate that defendant "made the Grand Jury aware of his witnesses” and that one of the grand jurors asked defendant about the whereabouts of his sister. The Grand Jury returned an indictment, and this motion followed.
There is no basis on which to grant inspection of the Grand Jury minutes to the defendant. Indeed, even the court should not inspect the Grand Jury minutes on the present motion because Grand Jury proceedings are secret. CPL 190.25 (4) and 210.30 authorize the court to inspect the Grand Jury minutes and, in appropriate circumstances, to release the *725 minutes to the defendant only upon a motion to dismiss the indictment for insufficiency of Grand Jury evidence. The court is aware of no authority which would permit it to inspect or order release of the minutes when dismissal is sought on any other ground.[2]
The court notes at the outset that, defendant having testified, his motion to dismiss for denial of his right to testify pursuant to CPL 190.50 (5) is now moot. Presumably, defendant would have preferred to have had his witnesses appear before the Grand Jury before he himself testified. However, there is no absolute right to have other witnesses testify before the defendant. (People v Stepteau, 81 NY2d 799 [1993].) Thus, defendant’s statutory right to appear as a witness in his own behalf before the Grand Jury was not violated and that branch of his motion must be denied.
Defendant’s claim to the effect that the Grand Jury proceeding failed to comport with CPL 190.50 (6) because he received insufficient notice to request that body to cause persons designated by him to be called as witnesses before the Grand Jury requires more extended discussion. Initially, the court notes that defendant does not have an absolute right to call witnesses before the Grand Jury. Defendant may only request the Grand Jury to cause witnesses to appear. (CPL 190.50 [6].) The Grand Jury is not obligated to grant the request. (People v Dawson, 50 NY2d 311, 323, n 5 [1980].) In People v Moore (132 AD2d 776, 777 [3d Dept 1987]), the Appellate Division, Third Department, held that the Grand Jury "has complete discretion as to who will be called”, thereby suggesting that a Grand Jury’s refusal to cause a witness designated by a defendant to be called may in fact be nonreviewable by the court.
Assuming arguendo that the court is authorized to review the Grand Jury’s decision concerning the testimony of defendant’s witnesses, the court finds that there was no abuse of discretion on the part of the Grand Jury in reaching its decision. For the purposes of deciding this branch of the defendant’s motion, the court assumes that it was feasible for both the District Attorney and the grand jurors to apply to the court for an extension of the Grand Jury term pursuant to CPL 190.15 (1). Indeed, the People indicate in their response that if the grand jurors had requested to hear defendant’s witnesses, an application for an extension would have been submitted. While *726 it may have been feasible for the prosecutor and Grand Jury to seek an extension, in the circumstances of this case it was not an abuse of discretion for them to not do so. Because it was the end of the Grand Jury term, the present case turns not on the timeliness of the notice given to defendant, but rather on the reasonableness of the joint decision by the prosecutor and Grand Jury not to seek an extension. Thus, the cases cited by defendant, which deal with the reasonableness of the notice for defendant himself to appear as a witness, are inapposite.
In ruling upon an application for an adjournment to obtain the testimony of a witness who is presently unavailable, a court should consider (1) whether the witness is material, (2) whether the applicant has been diligent, and (3) whether the witness can be had at the time to which the proceeding is to be deferred. (People v Foy, 32 NY2d 473, 476 [1973]; People v Calderon, 185 AD2d 853 [2d Dept 1992].) Parallel reasoning dictates that a decision by a prosecutor and Grand Jury not to seek an extension of the term should be reviewed according to the same standards. From the prosecutor’s or Grand Jury’s perspective, defendant satisfied none of these three criteria. There was no showing of materiality as to either witness. Defendant might have submitted a letter to the District Attorney prior to his appearance, giving an offer of proof as to the witnesses’ proposed testimony, but defendant failed to do so. Indeed, defendant did not give any indication as to what the witnesses would testify to until his reply papers when defendant claimed for the first time that the witnesses would testify that the defendant was not driving the vehicle. Secondly, defendant has not been diligent. Defendant was aware of the existence of these witnesses, who were allegedly in the car with him, since the date of his arrest on November 23, a full four days before the Grand Jury presentation. Defendant made no efforts prior to November 27 to obtain the presence of either or both of these witnesses. Indeed, defendant did not even advise his attorney as to the existence of the witnesses until the presentation was to begin. Finally, defendant made no timely representation that his sister, Debbie Romero, would actually be available to testify on a specific date, only that she would be available on "one or two days’ notice.” No timely representation was made as to when, if ever, the other witness would be available. That being so, it was well within the discretion of the Grand Jury and the prosecutor to refuse to seek an extension of the Grand Jury’s term in the hope of obtaining additional testimony from defendant’s witnesses.
*727 Accordingly, defendant’s motion to dismiss the indictment for insufficient notice to exercise his right to testify before the Grand Jury or to request that witnesses be called on his behalf and for alternative relief is in all respects denied.

. The People claim that at the time of counsel’s request for an adjournment, they had already called their first witness to testify before the Grand Jury. The defendant claims that counsel had requested the Grand Jury bureau chief for an adjournment even prior to the commencement of the presentation. Because the court holds that the Grand Jury’s decision not to hear the additional witnesses was not an abuse of discretion, it is immaterial when the request for an adjournment first was made.

. Although the People in their answering papers consented to an inspection of the Grand Jury minutes, the minutes were not submitted and the court did not inspect them.