■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER A. WOOD, Appellant. [737 NYS2d 760] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered July 12, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), manslaughter in the second degree (Penal Law § 125.15 [1]), assault in the first degree (Penal Law § 120.10 [1]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). Defendant was sentenced to an aggregate term of incarceration of 40 years to life. We reject the contention of defendant that the Grand Jury proceedings were impaired and that Supreme Court therefore erred in denying his motion to dismiss the indictment on that ground. "It is a defendant's burden to demonstrate * * * the existence of defects impairing the integrity of the Grand Jury proceeding and giving rise to a possibility of prejudice," and defendant failed to meet that burden here (People v Santmyer, 255 AD2d 871, 871-872, lv denied 93 NY2d 902; see, People v De Vivo, 282 AD2d 770,772, lv denied 96 NY2d 900; People v Sheltray, 244 AD2d 854, lv denied 91 NY2d

897). Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to support the conviction of felony murder (*see, People v Gray*, 86 NY2d 10, 19) and, in any event, that contention is without merit. "[T]he evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt" (*People v Cabey*, 85 NY2d 417, 420; *see also, People v Bleakley*, 69 NY2d 490, 495). We also reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley, supra* at 495). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Pine, Wisner, Burns and Lawton, JJ.