■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAN DAVIS, Appellant. [742 NYS2d 758] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered April 27, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3]) and other crimes. Contrary to defendant's contention, Supreme Court properly ordered defendant to participate in the lineup in which he was identified by the victim's fiancé (*see People v Shields,* 155 AD2d 978, *lv denied* 75 NY2d 818; *see generally Matter of Abe A.,* 56 NY2d 288, 290-291). Although the fill-ins who participated in the lineup were not the same as those who had been included in a previous photo array from which the victim's fiancé had identified someone other than defendant, "the fill-ins used in the photo array[ ] and in the lineup procedure were sufficiently similar to defendant in

appearance [and] there was no reasonable possibility that the attention of the [witness] would be drawn to him as the suspect chosen by the police" (*People v Hall*, 177 AD2d 951, 951, *lv denied* 79 NY2d 948; *see generally People v Chipp*, 75 NY2d 327, 335-336, *cert denied* 498 US 833). Indeed, the use of different fill-ins was particularly appropriate where, as here, there had been "significant changes in defendant's appearance between the time of the photograph and lineup" (*People v Rodriguez*, 64 NY2d 738, 741). Defendant failed to object to the testimony of the victim's fiancé with respect to the lineup on the ground that it constituted impermissible bolstering and thus has failed to preserve for our review his present contention that the court erred in admitting the testimony on that ground (*see People v Grimes*, 289 AD2d 1072; *see also People v West*, 56 NY2d 662, 663). In any event, the People were properly allowed to present that testimony as "evidence in chief" (CPL 60.30).

Defendant further contends that the court erred in summarily denying his motion to "inspect the grand jury minutes to insure that the People adhered to procedural due process protections." We disagree. " 'It is a defendant's burden to demonstrate * * * the existence of defects impairing the integrity of the Grand Jury proceeding and giving rise to a possibility of prejudice,' and defendant failed to meet that burden" (*People v Wood*, 291 AD2d 824, 824, quoting *People v Santmyer*, 255 AD2d 871, 871-872, *lv denied* 93 NY2d 902; *see People v McGee*, 294 AD2d 937 [decided herewith]).

The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, the comments of the prosecutor in summation were either fair comment on the evidence or fair response to defense counsel's summation (*see People v Howard*, 195 AD2d 1082, 1083, *lv denied* 82 NY2d 755). Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.