■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETROS BEDI, Also Known as PETRI BABI, Appellant. [750 NYS2d 523] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered May 5, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court committed reversible error by permitting the People to elicit evidence of his prior bad acts is without merit. The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the victim, and as evidence of the defendant's motive and intent in the commission of the charged crime (*see People v Alvino,* 71 NY2d 233; *People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264).

Contrary to the defendant's contention, he was not deprived of his constitutional right to present a defense. The proposed testimony of the defendant's witnesses was not relevant or probative with respect to his state of mind and, therefore, would not have rebutted evidence of consciousness of guilt. Consequently, the court providently exercised its discretion in precluding the witnesses' testimony (*see generally* Prince, Richardson on Evidence § 4-101 [Farrell 11th ed]).

The court properly denied the defendant's motion to set aside the verdict on the ground of newly-discovered evidence. The evidence in one of the affidavits submitted in support of the motion consisted of inadmissible hearsay and consequently, did not "create a probability" of a verdict more favorable to the defendant (CPL 330.30 [3]). Contrary to the defendant's contention, the evidence was not admissible as a declaration against penal interest as there were no circumstances demonstrating the trustworthiness and reliability of the declaration (*see People v Settles,* 46 NY2d 154, 167-169). The other evidence proferred by the defendant was not newly-discovered (*see* CPL 330.30 [3]).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant

reversal. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.