THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK ROBERTSON, Appellant. [755 NYS2d 167] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered December 21, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]). Defendant contends that this retrial, conducted after the juries in two prior trials were deadlocked and defense counsel's motions for mistrials were granted, violated the prohibition against double jeopardy in the NY and US Constitutions. We disagree. Here, in view of defendant's motions seeking mistrials, the mistrials were "granted on the defendant's consent," and thus the retrials were not barred by double jeopardy (*People v Catten,* 69 NY2d 547, 554; *see People v Ferguson,* 67 NY2d 383, 388-389; *People v Durgey,* 186 AD2d 899, 901, *lv denied* 81 NY2d 788; *People v Reardon,* 126 AD2d 974).

Defendant contends that the evidence is legally insufficient to support the conviction of murder in the second degree and attempted murder in the second degree but has preserved his contention for our review only with respect to the murder count, not the attempted murder count (*see People v Gray,* 86 NY2d 10, 19). In any event, the evidence is legally sufficient with respect to both counts (*see generally People v Bleakley,* 69 NY2d 490, 495). A person is guilty of murder in the second degree when, "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person" (Penal Law § 125.25 [1]). Defendant contends that the People did not establish that he intended to kill one named victim and attempted to kill the other named victim. The People, however,

were required to establish only that defendant had the intent to kill one person and the intent to attempt to kill another person, who later were identified by name. Contrary to defendant's contention, the People were not required to prove that defendant knew who was in the vehicle at the time he started firing his gun. Under the statute, "the identity of the victim is irrelevant if the requisite intent to kill is established and death of a person results," despite the fact that a particular person is named in the indictment (*People v Fernandez,* 88 NY2d 777, 781; *see People v Layer,* 199 AD2d 564, 565, *lv denied* 83 NY2d 855, 912). In any event, the evidence establishes that defendant had the opportunity to see who was in the vehicle because the driver had his tinted window rolled down prior to the shooting. We reject defendant's further contention that Supreme Court impermissibly amended the indictment with respect to the element of intent to commit the crimes (*see generally People v Wynn,* 277 AD2d 946, *lv denied* 96 NY2d 765). The court's charge with respect to the elements of Penal Law § 125.25 (1) did "not alter any element of the crime charged * * * or change the theory of the prosecution" (*People v Waxter,* 268 AD2d 899, 900). The verdict is not against the weight of the evidence (*see Bleakley,* 69 NY2d at 495).

Defendant contends that the court erred in allowing a bartender to testify with respect to defendant's bad acts one week prior to the shooting. The testimony of that witness describing an altercation between defendant and the murder victim was properly admitted as evidence of defendant's motive and intent in the commission of the murder (*see People v Bedi,* 299 AD2d 556; *People v Lawrence,* 297 AD2d 290, 291, *lv denied* 98 NY2d 769; *People v Coleman,* 296 AD2d 766, 767-768). The court sustained defendant's objection to the testimony of that witness describing a second altercation not involving the murder victim and issued a curative instruction. Defense counsel did not seek a further instruction or move for a mistrial, and thus the court's "instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide,* 84 NY2d 943, 944; *see People v Trembling,* 298 AD2d 890).

The court properly denied defendant's motion requesting inspection of the grand jury minutes and seeking dismissal of the indictment on the ground that the grand jury proceedings were defective. Defendant failed to meet his burden of demonstrating "the existence of defects impairing the integrity of the Grand Jury proceeding and giving rise to a possibility of prejudice" (*People v Santmyer,* 255 AD2d 871, 871-872, *lv denied* 93 NY2d 902; *see People v Davis,* 294 AD2d 936, 937, *lv denied* 98

NY2d 696; *People v Wood,* 291 AD2d 824, *lv denied* 98 NY2d 657). Finally, the court acted within its discretion in denying defendant's CPL 330.30 (3) motion without a hearing (*see People v Dexter,* 259 AD2d 952, 954, *affd* 94 NY2d 847; *People v Corchado,* 299 AD2d 843). With respect to the proposed testimony of a witness, defendant failed to show that the allegedly new evidence could not have been discovered earlier in the exercise of reasonable diligence (*see People v James,* 299 AD2d 424; *People v McCullough,* 275 AD2d 1018, 1019, *lv denied* 95 NY2d 936). With respect to another person's alleged admission to the crimes made to that same witness, that evidence was inadmissible hearsay and thus did not "create a probability that * * * the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see Bedi,* 299 AD2d 556). Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.