■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MAY, Appellant. [759 NYS2d 716] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered March 9, 2001, convicting defendant upon his plea of guilty of attempted assault in the second degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of five counts of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3], [7]). County Court did not abuse its discretion in summarily denying defendant's pro se motion to withdraw the guilty plea based upon defendant's generalized claim of innocence that is unsupported by the record (*see People v Webley*, 256 AD2d 1119, 1119-1120 [1998], *lv denied* 93 NY2d 880 [1999]). "A defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors" (*People v Dixon*, 29 NY2d 55, 57 [1971]; *see People v Alexander*, 97 NY2d 482, 485 [2002]). The waiver by defendant of the right to appeal, which was knowing, intelligent and voluntary, encompasses his further contention that the bargained-for sentence is excessive (*see People v Burse*, 295 AD2d 968 [2002], *lv denied* 98 NY2d 709 [2002]; *People v Wright*, 288 AD2d 899 [2001], *lv denied* 97 NY2d 689 [2001]). In any event, defendant was sentenced to the minimum permissible terms of imprisonment (*see* § 70.06 [3] [e]; [4] [b]; § 70.25 [2-a]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.