■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY FREEMAN, Appellant. [760 NYS2d 470] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered August 20, 2002, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ and 7 years, respectively, unanimously affirmed.

The verdict was based upon legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The jury's finding that defendant possessed a weapon with intent to use it unlawfully against another was not undermined by his acquittal of the manslaughter and reckless endangerment charges (*see People v Rayam*, 94 NY2d 557 [2000]). On the evidence presented, these verdicts were logically reconcilable (*see People v Gillespie*, 168 AD2d 567 [1990], *lv denied* 77 NY2d 961 [1991]). Defendant's related claim that the verdicts were legally repugnant is unpreserved (*People v Satloff*, 56 NY2d 745 [1982]), and without merit (*People v Tucker*, 55 NY2d 1 [1981]).

Defendant's general objection did not preserve his claim that a statement by the deceased was improperly admitted, and we decline to review it in the interest of justice. Were we to review this claim, we would find that to the extent that the statement could be viewed as containing a declaration of fact, it constituted a present sense impression (*see People v Brown*, 80 NY2d 729 [1993]).

The court properly declined to deliver an accomplice corroboration charge. The witness was not an accomplice as a matter of law and there was an insufficient basis upon which to submit her accomplice status to the jury (*see* CPL 60.22 [2]; *People v Brooks*, 34 NY2d 475, 477-478 [1974]; *People v Cruz*, 291 AD2d 1 [2002], *lv denied* 97 NY2d 752 [2002]). Although the witness possessed the same gun defendant was charged with possessing, her possession was temporally distinct and unconnected with that of defendant, or with his intended use of the gun.

The court properly denied defendant's request for a missing witness charge on the ground that the uncalled witness's testimony would have been cumulative to other evidence (*see*

*People v Gonzalez*, 68 NY2d 424, 427-428 [1986]). Concur— Nardelli, J.P., Saxe, Sullivan, Wallach and Williams, JJ.