■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO DANIELS, Appellant. [765 NYS2d 307] —Appeal from a judgment of Ontario County Court (Doran, J.), entered August 6, 2002, convicting defendant upon his plea of guilty of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25), defendant contends that County Court erred in denying his motion to suppress his statement to the police. We disagree. "[T]he testimony of the interrogating officer[ ], whom the court credited, established that defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights and agreed to speak without an attorney. Further, the officer['s] testimony established that defendant's confession was not coerced * * *. Defendant's testimony to the contrary merely raised an issue of credibility that the court was entitled to resolve in favor of the People" (*People v Coleman*, 306 AD2d 941, 941 [2003]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Any promise by the officer to inform the District Attorney of defendant's cooperation was not a promise of leniency (*see People v Sanchez*, 286 AD2d 650 [2001], *lv denied* 97 NY2d 760 [2002]; *People v Huntley*, 259 AD2d 843, 845-846 [1999], *lv denied* 93 NY2d 972 [1999]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.