■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBERT WELCH, Appellant. [770 NYS2d 230]—

Appeal from a judgment of Niagara County Court (Punch, J.), entered July 17, 2000, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals pro se from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his request for substitution of counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides,* 75 NY2d 822, 824 [1990]; *see People v Sawyer,* 57 NY2d 12, 18-19 [1982], *rearg dismissed* 57 NY2d 776 [1982], *cert denied* 459 US 1178 [1983]). It is incumbent upon a defendant to show good cause for the requested substitution (*see Sides,* 75 NY2d at 824; *People v Medina,* 44 NY2d 199, 207-208 [1978]). Here, defendant's contention that defense counsel's trial strategy conflicted with defendant's desire to pursue a conspiracy theory as a defense does not constitute the requisite good cause for substitution (*see Medina,* 44 NY2d at 209).

We also reject the contentions of defendant that the grand jury proceeding was defective and that he was deprived of the right to counsel of his choice in connection therewith. The dismissal of an indictment due to a defective grand jury proceeding

(*see* CPL 210.35 [5]) should be limited "to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]). "The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias" (*id.*). " 'It is a defendant's burden to demonstrate . . . the existence of defects impairing the integrity of the Grand Jury proceeding and giving rise to a possibility of prejudice' " (*People v Wood*, 291 AD2d 824, 824 [2002], *lv denied* 98 NY2d 657 [2002], quoting *People v Santmyer*, 255 AD2d 871, 871-872 [1998], *lv denied* 93 NY2d 902 [1999]). Defendant waived his contention that a portion of the forfeited funds should have been made available to him to obtain counsel of his choice at the grand jury proceeding by declining to provide a sworn affidavit stating that the forfeited funds were in fact his. Defendant made a tactical decision not to testify before the grand jury after the Assistant District Attorney explained to him that the People would explore his criminal history if he opened the door to such an inquiry. There is no support in the record for the contention of defendant that the People belatedly and improperly furnished the transcript of the proceeding to him or that the transcript is inaccurate. Given that defendant does not have an absolute right to call witnesses before the grand jury, but may only request that the grand jury cause witnesses to appear (*see* 190.50 [6]; *People v Romero*, 171 Misc 2d 722, 725 [1997]), we conclude that defendant has failed to demonstrate that the integrity of the grand jury proceeding was compromised based on the People's handling of his request to call certain law enforcement officers as witnesses. Further, the introduction of evidence of prior uncharged crimes concerning drug transactions "was relevant to establish the connection between defendant and the witness . . . and was necessary to provide a complete and coherent narrative" and thus did not compromise the integrity of the grand jury proceeding (*People v Skinner*, 220 AD2d 806, 807 [1995], *lv denied* 87 NY2d 1025 [1996]). Finally, evidence of defendant's prior conviction was properly introduced for the limited purpose of establishing the second element of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Thus, we conclude that there is nothing in the record to indicate that there were any "irregularities before the Grand Jury [which rose] to the level of impairing [that] proceeding[ ] and creating the risk of prejudice" (*People v D'Amico*, 261 AD2d 633, 634 [1999], *lv denied* 93 NY2d 1016 [1999]).

We reject defendant's contention that the search warrant was improperly obtained. " '[A] presumption of validity' attaches to a search warrant because the information supporting it has already been judicially reviewed and approved" (*People v Calise,* 256 AD2d 64, 65 [1998], *lv denied* 93 NY2d 851 [1999]). Here, we conclude that both the basis of knowledge and reliability requirements of the *Aguilar-Spinelli* test were met (*see Spinelli v United States,* 393 US 410 [1969]; *Aguilar v Texas,* 378 US 108 [1964]; *People v Martinez,* 298 AD2d 897, 898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003], *reh denied* 539 US 911 [2003]). We further conclude that the warrant described the items to be seized with sufficient particularity and that it was not overly broad (*see People v Villanueva,* 161 AD2d 552, 553 [1990]; *People v Sinatra,* 102 AD2d 189, 191 [1984]). Moreover, at a minimum, the warrant "substantially complied" with the requirements of CPL 690.35 (*People v Smythe,* 172 AD2d 1028, 1029 [1991], *lv denied* 78 NY2d 927 [1991]).

We reject as baseless the contention of defendant that the court should have granted his motion for recusal based on his unsubstantiated allegations that the court and the Assistant District Attorney were part of an FBI conspiracy against defendant.

We also reject the contention of defendant that the court erred in denying his motion to preclude identification testimony. The court properly determined that the identification was merely confirmatory in nature and thus no notice (*see* CPL 710.60) or *Rodriguez* hearing (*see People v Rodriguez,* 79 NY2d 445, 452-453 [1992]) was required (*see People v Wharton,* 74 NY2d 921 [1989]). We reject the further contention of defendant that the court erred in denying his request for an accomplice charge, because "[t]he witness was not an accomplice as a matter of law and there was an insufficient basis upon which to submit [his] accomplice status to the jury" (*People v Freeman,* 305 AD2d 331, 331 [2003], *lv denied* 100 NY2d 594 [2003]).

We further conclude that, because defendant did not provide any reliable basis to believe that witnesses he proposed to call in support of his conspiracy defense could have provided any relevant or probative testimony, "the court providently exercised its discretion in precluding the witnesses' testimony (*see generally* Prince, Richardson on Evidence § 4-101 [Farrell 11th ed])" (*People v Bedi,* 299 AD2d 556, 556 [2002], *lv denied* 99 NY2d 612 [2003]).

We reject the contention of defendant that his right to a speedy trial was violated. Defendant failed to satisfy his initial

burden under CPL 30.30 of alleging " 'that the prosecution failed to declare readiness within the statutorily prescribed time period' " and thus the burden never "shift[ed] to the People to identify the exclusions on which they intend[ed] to rely" (*People v Drummond*, 215 AD2d 579, 580 [1995]).

We also reject the contention of defendant that he was the victim of selective prosecution. A defendant has a "heavy burden" of establishing that he was a "victim[ ] of unconstitutional selective enforcement of the penal laws" (*People v Blount*, 90 NY2d 998, 999 [1997]). "To establish such a claim, a litigant must show . . . 'that the law was not applied to others similarly situated' " and that " 'the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification' " (*id.*, quoting *Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693 [1979]). We conclude that defendant has failed to meet that heavy burden in this case.

We further conclude that, contrary to defendant's contention, the prosecutor's exercise of a peremptory challenge did not constitute a *Batson* violation (*see Batson v Kentucky*, 476 US 79 [1986]). Even assuming, arguendo, that defendant made a prima facie showing that the juror was challenged based upon her race, we conclude that the prosecutor provided a race-neutral explanation that was consistent with the prosecutor's other peremptory challenges (*see People v Cuthrell*, 284 AD2d 982, 982-983 [2001]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.