■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PENNICK, Appellant. [768 NYS2d 886]—

Appeal from a judgment of Erie County Court (Pietruszka, J.), entered March 18, 2002, convicting defendant upon his plea of guilty of unauthorized use of a vehicle in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of unauthorized use of a vehicle in the second degree (Penal Law § 165.06). We agree with defendant that his waiver of the right to appeal is unenforceable (*see People v Thaxton,* 309 AD2d 1255 [2003]; *People v Fehr,* 303 AD2d 1039, 1039-1040 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Brown,* 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]). We conclude, however, that the integrity of the grand jury proceeding was not impaired. In seeking dismissal of the indictment, defendant failed to meet his burden of demonstrating "the existence of defects impairing the integrity of the grand jury proceeding and giving rise to a possibility of prejudice" (*People v Santmyer,* 255 AD2d 871, 871-872 [1998], *lv denied* 93 NY2d 902 [1999]; *see People v Robertson,* 302 AD2d 956, 957-958 [2003], *lv denied* 100 NY2d 542 [2003]; *People v Davis,* 294 AD2d 936, 937 [2002], *lv denied* 98 NY2d 696 [2002]; *People v Wood,* 291 AD2d 824 [2002], *lv denied* 98 NY2d 657 [2002]). Although it was error to keep defendant in the presence of a deputy sheriff and handcuffed while he was testifying without a judicial determination and articulation on the record of a rea-

sonable need for that procedure (*see People v Felder* [appeal No. 2], 201 AD2d 884, 885 [1994], *lv denied* 83 NY2d 871 [1994]; *see also People v Neubauer,* 296 AD2d 557 [2002], *lv denied* 98 NY2d 731 [2002]), here the prosecutor's cautionary instructions to the grand jurors dispelled any possible prejudice to defendant (*see Neubauer,* 296 AD2d 557 [2002]; *see also Felder,* 201 AD2d at 885, citing *People v Greiner,* 156 AD2d 813, 817 [1989], *lv denied* 75 NY2d 919 [1990]).

We further conclude that County Court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea (*see People v Williams,* 305 AD2d 1022 [2003], *lv denied* 100 NY2d 589 [2003]; *People v May,* 305 AD2d 1095 [2003], *lv denied* 100 NY2d 622 [2003]; *People v Rankin,* 303 AD2d 990, 990-991 [2003], *lv denied* 100 NY2d 565 [2003]). Nor did the court err in denying the motion of defendant to suppress his statement. The conflicting testimony at the *Huntley* hearing presented a credibility issue that the court was entitled to resolve against defendant (*see People v Daniels,* 309 AD2d 1225 [2003]; *People v Price,* 309 AD2d 1259 [2003]; *People v Coleman,* 306 AD2d 941 [2003]; *see generally People v Prochilo,* 41 NY2d 759, 761 [1977]). The testimony of the investigating officers supports the court's determination that defendant's statements were preceded by *Miranda* warnings and voluntarily made by defendant, without any promises, threats, or coercion on the part of police (*see Daniels,* 309 AD2d at 1225; *Coleman,* 306 AD2d at 941). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.