OPINION OF THE COURT
John L. DeMarco, J.
The People have moved, by way of an order to show cause, for an order compelling defendant to appear in a corporeal lineup. Defendant has opposed, contending principally that (1) the court lacks jurisdiction to grant the relief requested under CPL article 240, and (2) the People have failed to satisfy the so-called Abe A. standards, especially the safe and reliable intrusion requirement (see Matter of Abe A., 56 NY2d 288 [1982]). In the alternative, defendant requests, inter alia, certain disclosure and a particular kind of lineup.
Although the court agrees with defendant that People v Shields (155 AD2d 978 [4th Dept 1989]) does not explicitly hold that the court has jurisdiction to order a lineup in the absence of a filed accusatory instrument of some kind, defendant points to no case, nor has the court found one, that prohibits the issuance of such an order in the absence of an accusatory instrument. Furthermore, the court notes that CPL 240.40 (2) appears to grant jurisdiction to a court in which an indictment against the defendant is pending, and such is the circumstance here, albeit the lineup requested would seem to have nothing to do with the indictment pending before the court. More pertinent is the provision of CPL 240.40 (2) that gives a court the power to order a lineup “before the filing of an accusatory instrument.” For these reasons, and because the court finds that the People’s request here is not the type of “fishing expedition” the *278 jurisdictional limitations set forth in CPL 240.40 were likely-designed to prevent, the court finds that it does have the discretionary authority to grant the relief requested here.
As to whether the requested relief should be granted, the court finds that the three prongs of Abe A. have been met, for the reasons set forth in the People’s papers and during oral argument of the application. Thus the court will grant the People’s request for a corporeal lineup. However, as defendant has argued vigorously that the safe and reliable requirement of Abe A. has not been met, the court will discuss briefly why it respectfully disagrees with defendant’s analysis.
The parties do not dispute that Abe A. held, in the context of a forced blood draw, that “the method by which the authorized intrusion is to be accomplished must be safe, reliable and impose no more physical discomfort than is reasonably necessary” (Matter of Abe A., 56 NY2d at 297-298). Interestingly, the four cases cited by Abe A. for this proposition all involved physical intrusions into a suspect’s body. United States v Crowder (543 F2d 312 [DC Cir 1976]) involved the forced surgical removal of a bullet from a suspect’s arm. People v Scott (21 Cal 3d 284, 578 P2d 123 [Sup Ct 1978]) involved a forced medical test for trichomoniasis. Rochin v California (342 US 165 [1952]) involved forced vomiting and stomach pumping. And Schmerber v California (384 US 757 [1966]) involved a blood draw by a physician.
Furthermore, the safe and reliable requirement of Abe A. has consistently been parsed by courts to require that physical intrusions into or onto a suspect’s body be physically safe (see e.g. People v Howard, 28 Misc 3d 1209[A], 2010 NY Slip Op 51231[U], *3 [2010] [safe and reliable means “free from unreasonable intrusion or risk of serious physical injury”]; People v Beecham, 25 Misc 3d 1214[A], 2009 NY Slip Op 52090[U] [2009] [buccal swab]; People v Hammonds, 1 Misc 3d 880 [2003] [blood draw]; People v Alcime, 2002 NY Slip Op 40021[U] [2002] [same]).
In sum, the court finds that defendant’s reading of the safe and reliable prong of Abe A. to include the concept of reliable identification testimony is creative, but not supported by case law or Fourth Amendment analysis.
As to defendant’s concern that his only remedy, if the witness picks him out of a lineup, “is to challenge the identification through cross-examination,” the court respectfully disagrees. Under the circumstances of this case, where the witness may *279 have viewed a single media photograph of the defendant numerous times before identifying (perhaps) that same photograph in a photo array, now to be followed by a potential identification of defendant in a corporeal lineup, defendant’s use of an expert witness at trial may be warranted (see People v Abney, 13 NY3d 251 [2009]; see also People v Byrd, Monroe County Ct, DeMarco, J., indictment No. 0688/2009).
The court does find convincing defendant’s arguments with respect to the nature of the identification procedure that should be conducted. First, it is clear that the court has the authority to establish conditions for a lineup that are designed to promote fairness and accuracy — indeed, to enhance the chances that reliable, relevant, material evidence will be gathered through the lineup procedure (see generally Ladd v Stevenson, 112 NY 325 [1889] [a court has the inherent authority to control the content of its own orders]; see also Matter of People v Wilson, 191 Misc 2d 224 [Sup Ct, Kings County 2002] [motion court has authority to order double-blind lineup]; Matter of Thomas, 189 Misc 2d 487 [Sup Ct, Kings County 2001] [motion court has authority to order sequential, double-blind lineup]). Second, after considering the facts and circumstances of this case, the relevant case law, the oral argument on the application, as well as pertinent scientific and academic literature on eyewitness identification procedures, the court grants the People’s request for a lineup, and hereby orders that defendant participate in that lineup upon the following conditions:
1. That the lineup be “double-blind,” i.e., that neither the administrators of the lineup nor the witness shall know or be told before, during or after the lineup that the defendant is the suspect;
2. That the lineup be “sequential,” i.e., that each participant be presented to the witness individually by the lineup administrator, and that the witness be allowed as much time as she requests to view each individual;
3. That defendant’s lawyer and her investigator be permitted to attend and observe the lineup, and to be present during any pre-lineup instructions to the witness, as well as be present to observe and listen to the witness during the conduct of the lineup itself, including her words, if any, with respect to any identification or nonidentification; and,
4. That the lineup procedure be recorded — electronically, photographically or otherwise — in a fashion that will enable the court to review the procedure for fairness should a hearing be later requested and ordered.
*280 Of course the People are free to employ any other practices or procedures, in addition to the above, that they deem necessary to comply with fairness, due process, and the right to counsel in this matter.