■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL A. WRIGHT, JR., Appellant. [792 NYS2d 256]—

Rose, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered January 15, 2004, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts) and assault in the second degree.

Defendant was charged in a three-count indictment with the crimes of rape in the first degree (two counts) and assault in the second degree. He thereafter waived his right to a jury and the case proceeded to trial. After hearing nine witnesses, including defendant, testify over the course of two days, County Court found defendant guilty on all three counts. He was subsequently sentenced as a second felony offender to concurrent terms of imprisonment of 25 years for each rape conviction and five years for the assault conviction. Defendant appeals.

Initially, we cannot agree with defendant's contention that his convictions are unsupported by legally sufficient evidence. The nine-year-old victim testified that defendant, who was ap-

proximately 40 years old at the time, took her on his moped to a remote location, directed her to take down her pants and underwear, punched her in the eye, told her to die and forced his penis into her vagina. A pediatrician who examined the victim three days later testified that the victim suffered significant bruising of her face, head and neck with hemorrhaging in her eyes. She was also found to have vaginal tearing consistent with forcible sexual intercourse. The minor inconsistencies in the victim's testimony concerning the location where defendant attacked her raised credibility issues only and did not render the other evidence insufficient (*see e.g. People v Smith*, 272 AD2d 713, 716 [2000], *lv denied* 95 NY2d 871 [2000]).

Nor is the verdict against the weight of the evidence, inasmuch as the only evidence tending to suggest innocence is defendant's own testimony that the victim suffered her injuries after falling off of his moped. County Court clearly credited the victim's account, which was uncontradicted by any compelling evidence offered by defendant and was not "so unworthy of belief as to be incredible as a matter of law" (*People v Allen*, 13 AD3d 892, 894 [2004] [internal quotation marks and citations omitted]; *see People v Morey*, 304 AD2d 855, 856 [2003], *lv denied* 100 NY2d 564 [2003]).

Next, defendant's claim, that County Court erred in failing to expressly specify the counts it would consider in rendering its verdict (*see* CPL 320.20 [5]), is unpreserved. In any event, the court's failure to specify the counts is harmless error because defendant was convicted only of offenses charged in the indictment (*see People v Mitchell*, 254 AD2d 830, 831 [1998], *lv denied* 92 NY2d 984 [1998]). As to defendant's claim that County Court's 30-minute deliberation was insufficient to adequately "consider the case" (*see* CPL 320.20 [3] [d]), we note that the trial was relatively short and the evidence presented only credibility issues that were thoroughly reviewed in the summations of counsel (*see People v Carter*, 63 NY2d 530, 539 [1984]).

We also conclude that defense counsel's representation was meaningful and adequately addressed the absence of DNA evidence linking defendant to the alleged rape (*see People v Benevento*, 91 NY2d 708, 712 [1998]). As to his contention that County Court erred in sentencing him as a second felony offender, we note that the People timely filed a statement of predicate felony conviction (*see People v Smith*, 121 AD2d 771, 772 [1986]) and County Court substantially complied with CPL 400.21 (3) (*see People v Pierre*, 8 AD3d 904, 906 [2004], *lv denied* 3 NY3d 710 [2004]). Finally, the sentence is neither unduly harsh nor excessive.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.