■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODS, Also Known as ANTHONY GRAY, Appellant. [810

NYS2d 274]—Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered March 19, 2004. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sodomy in the first degree, course of sexual conduct against a child in the first degree, and criminal impersonation in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of criminal impersonation in the second degree and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [4]), sodomy in the first degree (former § 130.50 [4]), course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]), and criminal impersonation in the second degree (§ 190.25 [1]). As the People concede, the evidence is legally insufficient to support the conviction of criminal impersonation (see People v Sadiq, 236 AD2d 638, 639 [1997], lv denied 89 NY2d 1100 [1997]; People v Nuhibian, 201 AD2d 962 [1994], lv denied 83 NY2d 856 [1994]; People v Powell, 59 AD2d 950 [1977]). Although defendant failed to preserve his contention for our review (see People v Gray, 86 NY2d 10, 19 [1995]), we exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), particularly in view of the People's concession (see People v Butler, 273 AD2d 613, 614-615 [2000], lv denied 95 NY2d 933 [2000]), and we modify the judgment accordingly.

We reject defendant's contention that the verdict is against the weight of the evidence with respect to the remaining counts (see People v Bush, 14 AD3d 804, 804-805 [2005], lv denied 4 NY3d 852 [2005]; People v Urrutia, 2 AD3d 1475 [2003], lv denied 2 NY3d 765 [2004]; People v Van Gorder, 281 AD2d 944 [2001], lv denied 96 NY2d 908 [2001]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, nothing in the record suggests that the victim was "so unworthy of belief as to be incredible as a matter of law" or otherwise tends to establish defendant's innocence of those crimes (People v Allen, 13 AD3d 892, 894 [2004], lv denied 4 NY3d 883 [2005] [internal quotation marks omitted]; see People v Wright, 16 AD3d 982, 983 [2005], lv denied 4 NY3d 892 [2005]; People v Smith, 16 AD3d 1033, 1034 [2005]), and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).

Finally, we conclude that the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.