◼ The People of the State of New York, Respondent, v Santino Buccina, Appellant. [878 NYS2d 530]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 19, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (three counts) and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of rape in the first degree (Penal Law § 130.35 [1]) and one count of conspiracy in the fourth degree (§ 105.10 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, County Court did not abuse its discretion in refusing to sever his trial from that of his codefendants. The evidence against defendant and his codefendants was essentially identical, and the respective defenses were not in irreconcilable conflict (*see generally People v Mahboubian*, 74 NY2d 174, 183-185 [1989]).

Defendant failed to preserve for our review his contention that he was denied his right to a fair trial when the court denied his motion to subpoena the psychiatric records of an accomplice who testified against him. In any event, the record belies the contention of defendant that he made such a motion and the record establishes that he in fact cross-examined the accomplice concerning the accomplice's psychiatric condition and medications. Contrary to defendant's further contention, the court did not abuse its discretion in permitting the People's expert to testify with respect to rape trauma syndrome. Such testimony "may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see also People v Hryckewicz*, 221 AD2d 990 [1995], *lv denied* 88 NY2d 849 [1996]).

We conclude that the court properly refused to dismiss the indictment for lack of geographical jurisdiction (*see* CPL 20.40). The People met their burden of establishing by a preponderance of the evidence that defendant and his accomplices conspired to rape the victim in Onondaga County (*see* CPL 20.40 [1] [b]; *see generally People v Giordano*, 87 NY2d 441, 446 [1995]), and

they also established that the rape occurred in a private vehicle during the course of a trip extending through multiple counties, including Onondaga County (*see* CPL 20.40 [4] [g]; *People v Curtis*, 286 AD2d 901 [2001], *lv denied* 97 NY2d 728 [2002]).

We reject the further contention of defendant that he was denied his right to testify before the grand jury and thus that the court erred in denying his motion to dismiss the indictment on that ground. The record establishes that defendant refused to testify before the grand jury after he was informed that, pursuant to the policy of the jail where he was confined, he would not be allowed to change into street clothes before being transported to the grand jury. Inasmuch as defendant chose not to testify before the grand jury, it cannot be said that he was denied his statutory right to do so (*see* CPL 190.50 [5]). Further, to the extent that the policy of refusing to allow defendant to testify before the grand jury in street clothes relates to the integrity of the grand jury proceeding (*see* CPL 210.35 [5]), we note that, by his own conduct in refusing to testify, defendant has rendered it impossible for us to determine on the record before us whether such a policy "fail[ed] to conform to the requirements of article [190] to such degree that the integrity [of the grand jury proceeding was] impaired and prejudice to the defendant may [have] result[ed]" (CPL 210.35 [5]). Present—Scudder, P.J., Peradotto, Green and Gorski, JJ.