# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

690

KA 11-01761

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CRAIG BURROUGHS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

CRAIG BURROUGHS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered July 19, 2011. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (two counts), sodomy in the third degree (two counts), rape in the first degree and rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of rape in the third degree under count six of the indictment, sodomy in the first degree under counts one and three of the indictment, and sodomy in the third degree under counts two and four of the indictment and dismissing those counts, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [1]), rape in the third degree (§ 130.25 [2]), and two counts each of sodomy in the first degree (former § 130.50 [1]) and sodomy in the third degree (former § 130.40 [2]). We agree with defendant that Supreme Court erred in denying his omnibus motion to the extent that it sought to dismiss as time-barred all counts of the indictment except that charging rape in the first degree.

The facts relevant to this issue are not in dispute. On December 10, 2002, the victim was raped and sodomized by a stranger who dragged her into the woods while she was walking to school. Following the attack, the victim was taken to the hospital where a rape kit was performed. The rape kit yielded a DNA profile of the male perpetrator, and that profile was entered in the statewide DNA databank in January 2003. Although defendant's DNA profile had been

in the statewide databank since 1998, he did not become a suspect until January 2008, when the Division of Criminal Justice Services notified local authorities that defendant's DNA profile matched that of the perpetrator.

For reasons that are unclear from the record, the police did not arrest defendant until more than two years later, on February 25, 2010, which was more than seven years after the crimes at issue were committed. An indictment was later filed charging defendant with rape in the first and third degrees, and two counts each of sodomy in the first and third degrees. Notably, although the crimes of sodomy in the first and third degree had in 2003 been renamed criminal sexual act in the first and third degree, respectively, that change in nomenclature was not retroactive and did not apply to defendant, who was thus properly charged with sodomy rather than criminal sexual act (see L 2003, ch 264, § 72 [eff Nov. 1, 2003]). In his omnibus motion, defendant sought, inter alia, dismissal of all of the charges on the ground that they were untimely because he was not charged within the applicable statute of limitations. The court denied the motion, and defendant was later found guilty of all counts of the indictment.

With respect to the merits, we note that, in 2002, when the crimes were committed, the statute of limitations for the charged offenses was five years (see CPL 30.10 former [2] [b]). Because he was not charged until more than seven years later, defendant raised a facially viable statute of limitations defense, and the burden thus shifted to the People to prove beyond a reasonable doubt that the statute of limitations was tolled or otherwise inapplicable (see People v Kohut, 30 NY2d 183, 186; People v Dickson, 133 AD2d 492, 494-495; see also People v Knobel, 94 NY2d 226, 229). We conclude that the People satisfied their burden with respect to the charge of rape in the first degree. As the People correctly contend, the legislature amended CPL 30.10 in 2006 so as to abolish the statute of limitations for four sex offenses, including rape in the first degree and criminal sexual act in the first degree (see L 2006, ch 3, § 1). The amendment applied not only to crimes committed after its effective date of June 23, 2006, but also to offenses that were not yet time-barred (see L 2006, ch 3, § 5 [a]). Because the charge of rape in the first degree against defendant was not time-barred when the amendment took effect, the amendment applied to count five of the indictment, charging rape in the first degree.

Contrary to the People's contention, however, the 2006 amendment to CPL 30.10 did not apply to sodomy in the first degree, as charged in counts one and three of the indictment. Although, as noted, the amendment abolished the statute of limitations for criminal sexual act in the first degree, it made no mention of sodomy in the first degree (see L 2006, ch 3, § 1). The legislature had therefore, perhaps unwittingly, kept the statute of limitations for sodomy in the first degree at five years. In 2008, the legislature corrected the apparent oversight by again amending CPL 30.10, this time by striking "criminal sexual act in the first degree" from the list of offenses for which the statute of limitations was abolished and substituting in its place the phrase "a crime defined or formerly defined in section 130.50 of

the penal law" (L 2008, ch 467, § 1; *see* CPL 30.10 [2] [a]).  The legislative history of the 2008 amendment explicitly acknowledges that the 2006 amendment had not eliminated the statute of limitations for acts of first degree sodomy committed before November 1, 2003, i.e., the effective date of the non-retroactive nomenclature change (*see* Senate Introducer Mem in Support, Bill Jacket, L 2008, ch 467 at 9; Letter from State Assembly Member, July 28, 2008, Bill Jacket, L 2008, ch 467 at 7).  The statute, as amended in 2008, abolished the statute of limitations for crimes of sodomy in the first degree committed after the effective date of August 5, 2008 and for those crimes that were not yet time-barred as of that date (*see* L 2008, ch 476, § 2).  The sodomy charges against defendant, however, had expired under the former five-year statute of limitations approximately nine months before the effective date of the 2008 amendment, and thus those charges are time-barred despite the amendment.  Additionally, we note that it is well established that a change to the statute of limitations may not be retroactively applied to revive charges that are already time-barred (*see Stogner v California*, 539 US 607, 609-621; *People ex rel. Reibman v Warden of County Jail at Salem*, 242 App Div 282, 286).

The People's alternative contention that the statute of limitations on all counts was tolled until 2006 pursuant to CPL 30.10 (4) (a) (ii) because "the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence" is also without merit.  According to the People, defendant's identity as the perpetrator was not known until 2006.  It is undisputed, however, that defendant's DNA profile had been in the statewide databank since 1998, and the People offer no explanation as to why his identity could not have been ascertained sooner by the exercise of reasonable diligence, especially given that the perpetrator's DNA was entered into the databank in January 2003 (*cf. People v Bradberry*, 68 AD3d 1688, 1689-1690, *lv denied* 14 NY3d 838).  We thus conclude that the People failed to prove beyond a reasonable doubt that the tolling provision of CPL 30.10 (4) (a) applies (*see People v Landy*, 125 AD2d 703, 704-705, *lv denied* 69 NY2d 882).  The court therefore erred in refusing to dismiss as untimely those counts of the indictment charging defendant with sodomy in the first degree, sodomy in the third degree, and rape in the third degree, and we modify the judgment of conviction accordingly.  The court otherwise properly denied the motion.

In light of the above analysis, we need not address defendant's contention that the sodomy counts were rendered duplicitous by the victim's trial testimony.  We reject defendant's further contention that the evidence is legally insufficient to prove his identity as the rapist (*see generally People v Bleakley*, 69 NY2d 490, 495).  The People's expert testified at trial that defendant's DNA matched the DNA obtained from the victim's rape kit and that the odds that the DNA from the rape kit came from someone other than defendant were 1 in 49.9 billion.  In addition, defendant admitted at trial that he was not incarcerated and was living in Buffalo on December 10, 2002, the date on which the crimes were committed, and that he did not have a twin brother, who is the only person who could have shared his DNA.

Although the victim was unable to identify defendant at trial, i.e, she testified that her attacker ordered her not to look at him, the DNA evidence alone "established defendant's identity beyond a reasonable doubt" (*People v Harrison*, 22 AD3d 236, 236, *lv denied* 6 NY3d 754; *see People v Rush*, 242 AD2d 108, 110, *lv denied* 92 NY2d 860, *reconsideration denied* 92 NY2d 905; *see also People v Knight*, 280 AD2d 937, 937-938, *lv denied* 96 NY2d 864).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Although we agree with defendant that he should not have been shackled when he testified before the grand jury, we conclude that reversal on that basis is not warranted.  As the People correctly contend, the prosecutor's cautionary instructions to the grand jurors, which forbade them from drawing any negative inferences from the shackling, "were sufficient to dispel any potential prejudice" to defendant (*People v Muniz*, 93 AD3d 871, 872, *lv denied* 19 NY3d 965, *reconsideration denied* 19 NY3d 1028; *see People v Gilmore*, 12 AD3d 1155, 1156; *People v Pennick*, 2 AD3d 1427, 1427-1428, *lv denied* 1 NY3d 632; *People v Felder*, 201 AD2d 884, 885, *lv denied* 83 NY2d 871).  Moreover, the evidence presented to the grand jury was overwhelming, and it cannot be said that defendant's improper shackling amounted to an "instance[] where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice[d] the ultimate decision reached by the [g]rand [j]ury" such that dismissal of the indictment is warranted (*People v Huston*, 88 NY2d 400, 409; *cf. People v Buccina*, 62 AD3d 1252, 1254, *lv denied* 12 NY3d 913; *see generally People v Clyde*, 18 NY3d 145, 153-154).

We reject defendant's contention that his sentence is unduly harsh and severe.  Although the court imposed the maximum period of imprisonment for rape in the first degree, namely, a determinate term of 25 years, plus five years of postrelease supervision (*see* Penal Law §§ 70.02 [1] [a]; 70.06 [6] [a]; 70.45 former [2]; 130.35 [1]), we perceive no basis in the record to modify that sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).  We note that defendant has an extensive criminal history, which includes six prior felony convictions, and that in the instant matter he brutally raped a 15-year-old girl who was on her way to school.

Having reviewed defendant's remaining contentions, including those raised in his pro se supplemental brief, we conclude that none warrants reversal or further modification of the judgment of conviction.

Entered:  July 5, 2013                              Frances E. Cafarell
                                                    Clerk of the Court