# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

203
KA 10-01793
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES R. COOPER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered July 21, 2010.  The judgment convicted defendant, upon a nonjury verdict, of grand larceny in the fourth degree (seven counts) and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment convicting him upon a nonjury verdict of seven counts of grand larceny in the fourth degree (Penal Law § 155.30 [4]) and one count of criminal mischief in the fourth degree (§ 145.00 [1]).  In appeal No. 2, defendant appeals from a judgment convicting him upon a nonjury verdict of five counts of grand larceny in the fourth degree (§ 155.30 [4]), two counts of petit larceny (§ 155.25), and one count of criminal mischief in the fourth degree (§ 145.00 [1]).

With respect to the judgment in appeal No. 1, we reject defendant's contention that he was denied the right to testify before the grand jury and that County Court erred in denying his motion to dismiss the indictment on that ground.  The record establishes that defendant refused to testify before the grand jury when County Court (Connell, J.) determined, following a hearing, that he was not entitled to removal of the restraints that had been placed on him by correction officers (*see generally People v Best*, 19 NY3d 739, 743).  "Inasmuch as defendant chose not to testify before the grand jury, it cannot be said that he was denied his statutory right to do so" (*People v Buccina*, 62 AD3d 1252, 1254, *lv denied* 12 NY3d 913).  Although we agree with defendant that the court erred in failing to articulate on the record a rational basis for the restraints, we note that the prosecutor was directed by the court to provide a cautionary

instruction to dispel any prejudice resulting from defendant testifying in restraints (*see People v Felder* [appeal No. 2], 201 AD2d 884, 885, *lv denied* 83 NY2d 871; *see also People v Burroughs*, 108 AD3d 1103, 1106, *lv denied* 22 NY3d 995; *People v Pennick*, 2 AD3d 1427, 1427-1428, *lv denied* 1 NY3d 632).  However, because he refused to testify, defendant has made it impossible for us to determine on the record before us whether his appearance before the grand jury "fail[ed] to conform to the requirements of article [190] to such degree that the integrity [of the grand jury proceeding was] impaired and prejudice to the defendant may [have] result[ed]" (CPL 210.35 [5]; *see Buccina*, 62 AD3d at 1254).

     We reject defendant's further contention in appeal No. 1 that County Court (DeMarco, J.), which issued the judgments in appeal Nos. 1 and 2, violated the "law of the case" by failing to conduct a *Weaver* hearing with respect to the placement of a GPS tracking device on a motor vehicle owned by defendant's sister (*see People v Weaver*, 49 NY2d 1012).  The record establishes that the GPS device was placed pursuant to a warrant and defendant failed to contest the warrant (*see People v Wilson*, 82 AD3d 797, 797, *lv denied* 16 NY3d 901).

     In appeal No. 2, defendant challenges the placement of a GPS device on a motor vehicle owned by a commercial car rental agency and rented to defendant's sister, but he failed to demonstrate a legitimate expectation of privacy in that vehicle (*see People v Lacey*, 66 AD3d 704, 704-705, *lv denied* 14 NY3d 772).  The court therefore properly determined that defendant lacked standing to challenge the placement of the GPS device on that vehicle (*see id.* at 705).

     Contrary to defendant's further contention in both appeals, the court properly determined that he forfeited his right to counsel by his persistent course of egregious conduct toward successive assigned counsel, consisting of threats and other abusive behavior (*see People v Wilkerson*, 294 AD2d 298, 298-299, *lv denied* 98 NY2d 772; *People v Sloane*, 262 AD2d 431, 432, *lv denied* 93 NY2d 1027).  Defendant failed to preserve for our review his contention in both appeals that the court erred in failing to specify the offenses it would consider in rendering a verdict (*see People v Mitchell*, 254 AD2d 830, 831, *lv denied* 92 NY2d 984).  "In any event, the court's failure to comply with CPL 320.20 (5) is harmless error inasmuch as defendant was convicted of offenses charged in the indictment, not lesser included offenses" (*id.; see People v Wright*, 16 AD3d 982, 983, *lv denied* 4 NY3d 892).

     Finally, we reject defendant's contention in appeal No. 2 that the court abused its discretion in consolidating the indictments and denying his motion to sever (*see People v McCune*, 210 AD2d 978, 978-979, *lv denied* 85 NY2d 864).  Although based upon different criminal transactions, the offenses are the "same or similar in law" (CPL 200.20 [2] [c]), and defendant failed to make a convincing showing that he had important testimony to give on one count and a genuine need to refrain from testifying on others (*see People v Burrows*, 280

AD2d 132, 133-134, *lv denied* 96 NY2d 826).

Entered:  May 8, 2015                    Frances E. Cafarell
                                         Clerk of the Court