Matter of Westchester Dept. of Social Servs. (T.L.) (2026 NY Slip Op 50114(U))

[*1]

Matter of Westchester Dept. of Social Servs. (T.L.)

2026 NY Slip Op 50114(U)

Decided on January 31, 2026

Family Court, Westchester County

Fugaro, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 31, 2026
Family Court, Westchester County

In the Matter of an Article 10 Neglect Proceeding 
 Westchester Department of Social Services, (Petitioner), T.L., (Respondent), 
 T.J., (Respondent). M.J. (DOB: XXXX) K.J. (D.O.B. XXXX)

Docket No. [Redacted]

Senior Assistant County Attorney, Alexandria Capaccio, Esq.Westchester County Department of Social Services148 Martine AveWhite Plains, NY 10601Daniel Pagano, Esq.Counsel for Respondent214 Mamaroneck Avenue, STE 201White Plains, NY 10601Scott Stone, Esq.Attorney for the Children222 Bloomingdale RoadWhite Plains, NY 10605Ella Kohn, Esq.Counsel for Petitioner L.J. (Maternal Aunt)235 Main St.White Plains, NY 10601

Maritza Fugaro, J.

Respondent-father, T.J., is seeking once again the appointment of assigned counsel to represent him in in this pending neglect matter. T.J. has been assigned seven separate competent and experienced attorneys since the filing of the petition against him on April 26, 2024.
This matter was originally assigned to Wayne Humphrey, J.F.C., and came on before this Court following Judge Humphrey's recusal on December 15, 2025. The reason for Judge Humphrey's recusal was stated as "[respondent mother] made threats against this Jurist's life." The Court record of the December 15, 2025 appearance before Judge Humphrey reflects that respondent mother stated that she was going "to kill the Judge." The record of the December 15th appearance also reflects that during the appearance, T.J. went "on a rampage" and had to be muted. The record reflects that T.J. exhibited similar behavior on multiple occasions and had to be muted during those appearances as well.
The Court record reflects the history of T.J.'s legal representation in this matter as follows:
1. On May 12, 2024, Lawrence Horowitz, Esq., was assigned to represent T.J. Mr. Horowitz moved by order to show cause on April 7, 2025 to be relieved stating, inter alia, that T.J. "has made representing him nearly impossible." T.J. consented to Mr. Horowitz being relieved and requested a new attorney. The Court granted the request on April 25, 2025.2. On April 25, 2025, Dean Solomon, Esq., was assigned to represent T.J. Less than one month later, Mr. Solomon's oral application to be relieved, made in Court on June 11, 2025, was granted with T.J.'s consent.3. On July 23, 2025, Rosalie Leslie, Esq., was assigned to represent T.J. Less than one month later, on August 11, 2025, Ms. Leslie made a motion to be immediately relieved stating, inter alia, that she could longer communicate with T.J. or cooperate in formulating and executing a litigation strategy, and that T.J. has "stated in extremely strong language that he does not want me to represent him." Ms. Leslie's request to be relieved was granted.4. On September 18, 2025, Linda McCarthy, Esq., of Legal Services of the Hudson Valley ("LSHV"), was assigned to represent T.J. On November 3, 2025, Ms. McCarthy moved by order to show cause to withdraw as counsel for T.J. Ms. McCarthy stated that LSHV worked with T.J. for 6 weeks but there has been a breakdown in communications that is "severe and repeated and cannot be mended." LSHV was permitted to withdraw.5. On December 17, 2025, Marybeth Mullins, Esq., was assigned to represent T.J. Ms. Mullen requested to be relieved six days later on December 23, 2025, due to T.J.'s "abusive behavior" in contacting her office. Her request was granted by the Court on December 24, 2025.6. On December 29, 2025, Deborah Clegg, Esq., was assigned to represent T.J. On December 31, 2026, two days later, Ms. Clegg filed an order to show cause requesting to withdraw as counsel due to a break down in communications. The Court granted the request the same day.7. On January 12, 2026, Maria Joy Frank, Esq., was assigned to represent T.J. On January 22, 2026, Ms. Frank moved by order to show cause to be relieved due to "a complete, utter and absolute breakdown of communication." Ms. Frank stated that she made every effort to continue the representation but that T.J. made it impossible.T.J.'s conduct also caused the Attorney for the Child, with regret on behalf of the [*2]children, to request to be relieved after 18 months, because "[T.J.] threatened me and my family." A new attorney for the child has been assigned.
In addition to T.J.'s treatment of and inability to work with successive court-appointed counsel, T.J. has a history of belligerence and threatening behavior toward court staff, with repeated calls, multiple times a day, in which he would scream, shout profanity and make impossible demands of the clerks. T.J.'s behavior became so disruptive and upsetting to court staff that a decision had to be made to only accept communications from T.J. in writing. Also, as disclosed on the record at the June 11, 2025 court appearance before Judge Humphrey, the Westchester Department of Social Services ("WDSS") stated that there was an order of protection against T.J. on behalf of WDSS for threats made against WDSS and others in the building.
Following Ms. Frank being relieved as counsel for T.J., on January 30, 2026, T.J. contacted the Court demanding, without any remorse, regret or attempt at explanation, the name and contact information for "his new attorney." This Court finds that T.J., by his persistently egregious and threatening behavior, has forfeited his right to the assignment of yet an eighth court-appointed attorney in this matter.
A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262 [a] [iv]; Matter of Sa'Nai F. B. M. A., 232 AD3d 597 [2d Dept 2024]; Matter of Deanna E.R. [Latisha M.], 169 AD3d 691 [2d Dept 2019]). However, a party may forfeit the fundamental right to counsel by engaging in "egregious conduct" (People v Shanks, 37 NY3d 244, 253 [Ct App 2021]; People v Smith, 92 NY2d 516 [Ct App 1988]). Threatening or verbally abusive conduct may be sufficient to warrant forfeiture of the right to counsel. Id at 254. Forfeiture may be found by the court due to a "persistent course of egregious conduct toward successive assigned counsel, consisting of threats and other abusive behavior" (People v Cooper, 128 AD3d 1431, 1433 [4th Dept 2015]; see also e.g. People v Sloane, 262 AD2d 431 [2d Dept 1999] [defendant forfeited his right to counsel by his persistent pattern of threatening, abusive, obstreperous, and uncooperative behavior with successive assigned counsel]; People v McElveen, 234 AD2d 228 [1st Dept 1996] [defendant's protestations to the contrary notwithstanding, his failure to cooperate with so many appointed attorneys during the course of these proceedings constitutes the effective waiver of the right to counsel]).
Specifically, in the Family Court context, courts have likewise held that a parent in a neglect matter may forfeit or "effectively exhaust" their right to assigned counsel (see e.g., In re Baby Boy B., 138 AD3d 578 [1st Dept 2016] [where father's own misconduct toward his multiple assigned attorneys resulted in their being relieved, the court properly determined that he effectively exhausted his right to assigned counsel]. Similarly, in In re Micah T., 171 AD3d 546 [1st Dept 2019], where six different attorneys had been appointed to represent the mother in a neglect and termination proceeding, all of whom were relieved because she refused to work with them, the Cout held that she effectively exhausted her right to assigned counsel.
In this case, T.J. has repeatedly demonstrated through his own belligerent, threatening and otherwise egregious behavior toward attorneys, court staff and others involved in these proceedings, that it would be imprudent for this Court to assign another attorney to him. In fact, having gone through the extensive list of available court-appointed attorneys, even if the Court were to decide to assign T.J. another attorney, the Court has found itself without an available attorney to assign.
As stated by the Honorable Joseph Zayas in People v Best, 856 NYS2d 457 (Crim Ct [*3]Queens Co 2008), the Court has a duty to protect the "officers of the court," the attorneys who appear on behalf of litigants. This duty requires the Court "to embrace the obligation not to subject counsel to unnecessary personal risk in their assignments . . . including the personal risk of verbal abuse, the risk of antagonistic personal slurs . . ., " and the duty to protect "court-appointed attorneys from becoming victims of those whose rights they seek to protect."
ACCORDINGLY, IT IS HEREBY
ORDERED, T.J.'s request for assigned counsel is hereby denied; and it is further
ORDERED, if T.J. is unable to obtain counsel, he may proceed pro se at the hearing scheduled for March 26, 2006 at 2 PM.
This constitutes the decision and order of the Court.
Dated: January 31, 2026Hon. Maritza Fugaro